IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY HOWELL | ) |
| | ) |
| v. | ) NO. 3:08-0667 |
| | ) JUDGE CAMPBELL |
| ARAMARK MANAGEMENT | ) |
| SERVICES | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Remand and Motion for Attorney's Fees (Docket No. 9). For the reasons stated herein, Plaintiff's Motion for Remand is GRANTED, and Plaintiff's Motion for Attorney's Fees is DENIED.

FACTS

Plaintiff filed this action in the Circuit Court for Rutherford County, Tennessee, pursuant to the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq*. Plaintiff seeks damages for harassment, retaliation, humiliation and embarrassment from her former employer, Aramark Management Services. Plaintiff's original Complaint specifically stated that she sought damages "in an amount not to exceed $74,000." Docket No. 1-1.

Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332. Defendant alleges that this is "a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests (sic) and court costs." Docket No.1.

After removal, Plaintiff filed a First Amended Complaint (Docket No. 5), in which she more specifically stated that she seeks damages "inclusive of attorney's fees and all other monetary damages to which Plaintiff may be entitled, in an amount not to exceed $74,000."

Now Plaintiff has moved to remand this action to state court based upon the fact that both her Complaint and her First Amended Complaint specifically limit her recovery to $74,000, below the jurisdictional amount to invoke this Court's diversity jurisdiction.

## MOTION FOR REMAND

A defendant seeking to remove a case to federal court has the burden of proving, by a preponderance of the evidence, that the district court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Jurisdiction is determined at the time of removal, and subsequent events do not oust the district court's jurisdiction once it has attached. *Williamson*, 481 F.3d at 375.

At the time of removal in this case, Plaintiff had specifically sought damages not to exceed $74,000. Docket No. 1-1. Her First Amended Complaint clarifies that the damages "not to exceed $74,000" include any attorney's fees and any other monetary damages to which Plaintiff may be entitled. Docket No. 5.

As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Williamson*, 481 F.3d at 376. In other words, the Court should consider any statutorily authorized attorneys' fees for purposes of establishing jurisdiction. The THRA expressly authorizes recovery of attorneys' fees. Tenn. Code Ann. §§ 4-21-306 and 4-21-311.

In *Williamson*, the plaintiffs sued the defendant, in federal court, for breach of an insurance contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and violation of Tennessee's "bad faith statute," as a result of the defendant's alleged failure to pay medical claims.

2

*Williamson*, 481 F.3d at 374. Then the plaintiffs voluntarily non-suited their case and subsequently filed a complaint in state court, seeking damages of less than $75,000, "exclusive of interest, costs, and attorneys fees." *Id*. at 375. The plaintiffs sought judgment under two statutes which allowed the awarding of attorneys' fees, the TCPA and the "bad faith statute." *Id*. at 377. In addition, the plaintiffs' second amended complaint requested, pursuant to the TCPA, three times their actual damages (specified to be $74,999) or, alternatively, actual damages plus the 25 percent penalty of the "bad faith statute." *Id*. Under those circumstances, the court found that the defendant had shown that it was "more likely than not" that the plaintiffs sought damages in excess of $75,000. *Id*.

The situation in this case is markedly different. Plaintiff has never sought damages of more than $75,000. Plaintiff does not seek treble damages or any "bad faith" penalty. Plaintiff originally filed for damages in an amount not to exceed $74,000, and she continues to seek damages of not more than $74,000, *inclusive* of any attorneys' fees or other amounts to which she may be entitled.

In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), a slip-and-fall case, the plaintiff filed a state court action seeking damages in excess of $900,000, which action was removed by Defendant to federal court. *Id*. at 870. Thereafter, the parties stipulated to dismissal of the action without prejudice. *Id*. Plaintiff then filed a new complaint in state court, arising out of the same occurrence, but she specified that she sought to recover an amount not exceeding $75,000. *Id*.[1] The court held that the plaintiff's post-removal reduction in the amount in controversy to below the jurisdictional limit did not require remand to the state court. *Id*. at 872.

---

[1] In the plaintiff's answers to interrogatories in the first case, she estimated her damages at $447,000. *Rogers*, 230 F.3d at 870.

3

Case 3:08-cv-00667   Document 22   Filed 07/28/08   Page 3 of 4 PageID #: 106

Again, the situation in this case is different. Here, the post-removal complaint does not reduce anything. Plaintiff has never claimed or stated that her damages are more than $74,000, including any attorney's fees to which she might be entitled.

The Court finds that Defendant has not shown that it is more likely than not that Plaintiff is seeking damages in excess of $75,000. The language of her Complaint, at the time of removal, specifically limited her damages to no more than $74,000.[2] The language of her First Amended Complaint confirmed and clarified that limitation by stating that the $74,000 was "inclusive of attorney's fees and all other monetary damages to which Plaintiff may be entitled."

For these reasons, Plaintiff's Motion for Remand (Docket No. 9) is GRANTED, and this action is remanded to the Circuit Court for Rutherford County, Tennessee.

## MOTION FOR ATTORNEY'S FEES

Plaintiff's Motion for Attorney's Fees is DENIED. In light of the above-cited cases and others, this issue is one upon which reasonable minds could differ. Therefore, the Court, in its discretion, declines to award fees to the Plaintiff for Defendant's removal of this action to federal court.

IT IS SO ORDERED.

_Todd Campbell_
───────────────────────────────
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] Unlike the plaintiff in *Smith v. Nationwide Property and Casualty Ins. Co.*, 505 F.3d 401 (6th Cir. 2007), Plaintiff here does not seek punitive damages.